O

# United States District Court
# Central District of California

| | |
|---|---|
| GAIL WILLIS,<br><br>            Plaintiff,<br><br>    v.<br><br>AFFINIA DEFAULT SERVICES, LLC et al.,<br><br>            Defendants. | Case № 2:19-cv-02440-ODW (SKx)<br><br>**ORDER GRANTING**<br><br>**MOTION TO DISMISS [9]** |

## I.     INTRODUCTION & BACKGROUND

Plaintiff Gail Willis, proceeding pro se, brings this action against various Defendants for multiple claims based on an alleged unlawful non-judicial foreclosure sale of Willis's real property located at 2015 Buckingham Road, Los Angeles, California 90016 (the "Subject Property"). (Notice of Removal Ex. A ("Compl."), at ¶ 11, ECF No. 1-1.) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss Willis's Complaint. (Mot. to Dismiss ("Mot."), ECF No. 9.) For the reasons that follow, the Court **GRANTS** Wells Fargo's Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

Wells Fargo moves to dismiss Willis's Complaint on the grounds that she lacks standing and fails to state a claim as to each cause of action. One week before the hearing set for the Motion, Willis submitted a late-filed Opposition to the Motion.

(*See generally* Opp'n to Mot. ("Opp'n"), ECF No. 13.) Notwithstanding the timeliness issue, Willis's Opposition makes several improper requests such as requesting a remand and the addition of another party, among other requests. (*See* Opp'n 2, 27.) As these requests are not properly before the Court, the Court declines to address them. Willis's Opposition does not substantively oppose the Motion; instead, she asserts the same conclusory allegations that plague her Complaint. (*See generally* Opp'n.) The Court finds that Willis lacks standing to bring the claims asserted, and therefore does not reach Wells Fargo's remaining arguments.

## A. Request for Judicial Notice

Wells Fargo requests judicial notice of ten documents: Exhibit A: Adjustable Rate Mortgage Note; Exhibit B: Deed of Trust; Exhibit C: Home Affordable Modification Agreement; Exhibit D: Certificate of Corporate Existence; Exhibit E: Letter from Office of Thrift Supervision; Exhibit F: Official Certification of the Comptroller of Currency; Exhibit G: Notice of Default and Election to Sell Under Deed of Trust; Exhibit H: Substitution of Trustee; Exhibit I: Notice of Trustee's Sale; and Exhibit J: Trustee's Deed Upon Sale. (Req. for Judicial Notice 2–3, ECF No. 10.) Willis does not oppose Wells Fargo's request.

A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion but may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89. "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Deed of Trust, Notice of Default and Election to Sell Under Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale are properly subject to judicial notice because they are undisputed public documents recorded by the Los Angeles County Recorder's Office. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office). Accordingly, the Court takes judicial notice of the Deed of Trust, Notice of Default and Election to Sell Under Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale. As neither party disputes the authenticity of the records, and as Willis includes these documents in her Complaint (with the exception of the Trustee's Deed Upon Sale), they may also be considered under the incorporation by reference doctrine. *See Marder*, 450 F.3d at 448 (internal quotation marks omitted) ("The court may treat such a document as part of the complaint, and thus may assume that its contents are true for the purposes of a motion to dismiss.").

**B.     Standing**

Wells Fargo contends that Willis is not a real party-in-interest with respect to the Subject Property because she was neither a party to the loan nor a record owner of the Subject Property. (Mot. 3–4.) Willis does not adequately address the issue of standing. Instead, Willis states that she "is the daughter and intended third party beneficiary of the [loan agreement]" and "the executor [of] Henrietta Willis' Estate." (Opp'n 6.)

Standing requires that: (1) the plaintiff has suffered an injury in fact, i.e., "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged conduct of the defendant"; and (3) the injury is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted). A plaintiff "cannot rest his claim to relief on the legal rights or

interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Accordingly, "a plaintiff who is not a party to a mortgage loan cannot assert a claim . . . for statutory violations, wrongful foreclosure . . . or related foreclosure proceedings." *Bianchi v. Bank of Am., N.A.*, No. 12-CV-750-MMA (MDD), 2012 WL 11946982, at *1 (S.D. Cal. May 17, 2012) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) (holding that the plaintiffs lacked standing for claims that arose out of the transactions at issue because the plaintiffs were not parties to those transactions)).

Only a borrower or her assignee may bring a claim based on the underlying mortgage. *See Pena v. Ocwen Loan Servicing, LLC*, No. CV 17-2437 FMO (GJSx), 2018 WL 5857983, at *4 (C.D. Cal. Apr. 23, 2018) (finding that the plaintiff lacked standing to bring claims regarding the loan handling and property foreclosure because he was neither the borrower nor the owner of the property); *Shetty v. ARLP Securitization Tr. Series 2014-2*, No. CV-16-05467-BRO (GJSx), 2016 WL 10999324, at *6 (C.D. Cal. Oct. 28, 2016) (dismissing claims including quiet title because the plaintiff was not the borrower or assignee). Plaintiffs may seek to quiet title "only if they currently possess an interest in the property at issue." *Jacobsen v. Aurora Loan Servs., LLC*, 661 F. App'x 474, 476 (9th Cir. 2016) (citing *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968)).

Here, the documents incorporated by reference and judicially noticed contradict Willis's conclusory claim of ownership. Willis does not identify how she obtained title to the Subject Property or is the real party-in-interest. The recorded Deed of Trust lists "Henrietta E Willis, Trustee of the Henrietta E Willis Revocable Living Trust" as the sole borrower and signatory. (Req. for Judicial Notice Ex. B.) The initials "H.E.W." appear at the bottom of each page of the Deed of Trust. Additionally, the Deed of Trust was executed by "Henrietta E Willis, Trustee." (*Id.*) The Deed of Trust and related documents demonstrate conclusively that Willis is not the borrower on the loan and has no interest in the loan or the Subject Property.

As each of Willis's claims arise from the non-judicial foreclosure and loan transaction involving Henrietta E. Willis, Willis lacks standing to pursue her claims.

**C.     Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Willis requests leave to amend but does not identify what facts she can allege to cure her deficiencies. However, considering Willis's pro se status, the Court finds leave to amend proper. Among other issues, Willis's amended complaint should address the issue of standing as discussed in this Order.

## IV.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** Wells Fargo's Motion to Dismiss Willis's Complaint (ECF No. 10). Willis shall have up to and including **September 5, 2019,** to file her amended complaint.

**IT IS SO ORDERED.**

August 15, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**